# EXHIBIT D

Paul Piperato, County Clerk
1 South Main St Ste 100
New City, NY 10956
(845) 638-5221

# Rockland County Clerk Recording Cover Sheet

**Received From :**
RIVERSIDE ABSTRACT LLC
3006 AVENUE M
STE 1C
BROOKLYN, NY 11210

**Return To :**
MARIANNA R KENNEDY ESQ
DRAKE LOEB HELLER KENNEDY GOGERTY
555 HUDSON VALLEY AVE   STE 100
NEW WINDSOR, NY 12553

**First GRANTOR**
| 152 BROADWAY HAVERSTRAW NY LLC |

**First GRANTEE**
| PROVIDENT BANK |

**Index Type :** Land Records

**Instr Number :** 2009-00036490

**Book :**          **Page :**

**Type of Instrument :** Assignment Of Rent
**Type of Transaction :** Ease, Rightway, A/Rent

**Recording Fee :**                $91.00

**Recording Pages :**                10

The Property affected by this instrument is situated in Haverstraw, in the County of Rockland, New York

| Real Estate Transfer Tax | |
|---|---|
| RETT # : | 959 |
| Deed Amount : | $0.00 |
| RETT Amount : | $0.00 |

State of New York

County of Rockland

I hereby certify that the within and foregoing was recorded in the Clerk's office for Rockland County, New York

On (Recorded Date) : 10/07/2009

At (Recorded Time) : 11:53:13 AM

**Total Fees :**                $91.00

Doc ID - 019820350010

Paul Piperato, County Clerk

This sheet constitutes the Clerks endorsement required by Section 319 of Real Property Law of the State of New York

Entered By: PM  Printed On : 10/15/2009    At : 11:56:53AM

## ASSIGNMENT OF LEASES AND RENTS

THIS ASSIGNMENT, made September 17, 2009, by **152 BROADWAY HAVERSTRAW NY LLC**, a New York State limited liability company with an address at c/o Treff & Lowy PLLC, 342 Bedford Avenue, Brooklyn, New York 11211 (hereinafter called "Assignor") to **PROVIDENT BANK**, a savings association duly organized and existing under and pursuant to the laws of the United States of America, and having its principal place of business at 400 Rella Boulevard, P.O. Box 600, Montebello, New York 10901 (hereinafter called "Bank").

WITNESSETH:

FOR VALUE RECEIVED, Assignor hereby grants, transfers and assigns to the Bank to supplement the Assignment of Rents set forth in that certain Mortgage (the "Mortgage") bearing even date herewith the leases now existing or hereafter, if any, made (the "Leases") with respect to the premises more fully described in Schedule "A" attached hereto (hereinafter referred to as the "Premises") or any portion thereof, including, but not limited to, any and all rents, issues, income and profits now due or to become due under any lease, tenancy or agreement concerning the Premises, hereby warranting that Assignor is the owner of the entire lessor's interest therein and that said existing Leases are current and in full force and effect.

Together with all the right, power and authority of Assignor to alter, modify or change the terms of said Leases or any other existing or future Leases made, or to accept any surrender, or to cancel or terminate the same or to consent or to execute and deliver any consent to the tenant to do so or to refrain from doing any act or thing under any Leases, without prior written consent of the Assignor.

Together with all rents, income and profits arising from any Leases, and renewals thereof, if any, and together with all rents, income and profits due or to become due from the premises described therein, and from all Leases for the use and occupation of said premises which may be executed in the future during the term of this Assignment.

**FOR THE PURPOSES OF SECURING**

1. Payment of indebtedness in the principal amount of **THREE MILLION FIVE HUNDRED THIRTY FOUR THOUSAND AND NO/100 ($3,534,000.00) DOLLARS** and interest, including any extensions or renewals thereof, payable by the Assignor to the Bank and secured by the Mortgages.

2. Payment of all other sums with interest thereon becoming due and payable to the Bank under the provisions hereof or under the Mortgage or the other instruments and documents delivered in connection therewith.

3. The performance and discharge of each and every obligation, covenant and agreement of Assignor herein and in the Mortgage or the other instruments and documents delivered in connection therewith.

8 + 1

**TO PROTECT THE SECURITY OF THIS ASSIGNMENT, ASSIGNOR COVENANTS**

1. To observe and perform all of the obligations imposed upon the landlord in any Leases and not to do or permit to be done anything to impair the security thereof; that all of the said Leases are legal, valid and enforceable and none of the tenants are in default thereunder; that no rent reserved in said Leases has been anticipated or assigned; nor to collect any of the rent, income and profits arising or accruing from the premises under any Leases in advance of the time when the same becomes due under the terms thereof; not to discount any future accruing rents; not to execute any other Assignments of Leases or Rents of said premises; not to alter, modify or change the terms of any Leases or to cancel or terminate the same (except in the case of a material default thereunder by the tenant) or accept a surrender thereof, without prior written consent of the Bank, and without such prior written consent of the Bank not to permit the merger of any Leases in the fee title of the Premises.

2. To assign and transfer to the Bank any and all future Leases upon all or any part of the Premises (such assignment and transfer to be deemed to have occurred upon the entering into of any such future Lease), and to execute and deliver, at the request of the Bank all such further assurances and assignments in the Premises as the Bank shall from time to time require, at the cost and expense of the Assignor and to pay any recording charges or fees for instruments required by the Bank to be recorded.

3. That the rights of the Bank to collect and receive the rents assigned hereunder or to exercise any of the rights or powers herein granted to the Bank shall, to the extent not prohibited by law, extend also to the period from and after the filing of any suit to foreclose the lien of the Mortgage including any period allowed by law for the redemption of the Premises, it being the intention of the parties that this Assignment survive any Judgment of Foreclosure and Sale and not merge into the Judgment.

**IT IS MUTUALLY AGREED THAT**

1. So long as there shall exist no default by Assignor in the payment of any indebtedness secured hereby or in the performance of any obligation, covenant or agreement herein, or in the Mortgage or the other instruments and documents delivered in connection therewith, or in any of the Leases contained, Assignor shall have the right to collect, upon but not prior to thirty (30) days prior to accrual, all rents, issues and profits from said Premises and to retain, use and enjoy the same.

2. Upon or at any time after default in the payment of any indebtedness secured hereby or in the performance of any obligation, covenant or agreement herein, or in the Mortgage or the other instruments and documents delivered in connection therewith, or of landlord in any Leases contained, the Bank, without in any way waiving such default, may at its option take possession of the Premises, and have, hold, manage, lease and operate the same on such terms and for such period of time as the Bank may deem proper; and may collect and receive all rents, issues and profits of the Premises, with full power to make from time to time all alterations, renovations, repairs or replacements thereto as may seem proper to the Bank, and to apply such rents, issues and profits to the payment of (a) the cost of all such alterations, renovations, repairs and replacements and expenses incident to taking and retaining possession of the Premises and the management and operation thereof; and keeping the same properly insured, and (b) all taxes, charges, claims, assessments, water rents, sewer rents and any other

2

lien or payment to the mortgage debt, and premiums for insurance, with interest on all of such items, and (c) the indebtedness and the interest thereon secured hereby together with all costs and reasonable attorneys' fees, in such order of priority as to any of such items, as the Bank in it sole discretion may determine, any statute, law, custom or use to the contrary notwithstanding.

By accepting this Assignment, the Bank agrees that if it shall upon any default or breach exercise its option herein and pursuant to section 13 of the Mortgages and if such default or breach shall be remedied and all necessary charges and expenses incurred by reason thereof paid, other than by reason of a foreclosure of the Mortgage, the parties hereto shall each be restored to and reinstated in their respective rights and estates as if a default or breach had not occurred. Assignor shall thereupon hold said Premises subject to this Assignment as if the Bank had not exercised any option hereunder, but nothing hereinabove contained shall impair any right of the Bank upon any subsequent breach.

3. The Bank shall not be obligated to perform or discharge, nor does it hereby undertake to perform or discharge, any obligation, duty or liability under any Leases, or under or by reason of this Assignment, and Assignor shall and does hereby agree to indemnify the Bank for and to hold the Bank harmless of and from all liability, loss or damage which it may or might incur under any Leases or under or by reason of this Assignment and of and from any and all claims and demands whatsoever which may be asserted against it by reason of any alleged obligations or undertakings on its part to perform or discharge any of the terms, covenants or agreements contained in any Leases. Should the Bank incur any such liability, loss or damage under any Leases or under or by reason of this Assignment, or in the defense of any such claims or demands, the amount thereof, including costs, expenses and reasonable attorneys' fees, shall be secured hereby, and Assignor shall reimburse the Bank therefor immediately upon demand, and upon the failure of Assignor so to do the Bank may declare all sums secured hereby immediately due and payable.

4. Upon payment in full of all indebtedness secured hereby, this Assignment shall become and be void and of no effect, but the affidavit, certificate, letter or statement of any officer, supervisor or attorney of the Bank stating that the indebtedness is not fully paid shall be and constitute evidence of the validity, effectiveness and continuing force of this Assignment, and any person may and is hereby authorized to rely thereon. A demand of any tenant of the Premises by the Bank for the payment of the rent or any default claimed by the Bank, shall be sufficient warrant to the tenant to make future payments of rent to the Bank without the necessity for further consent by the Assignor.

5. The Bank may take or release other security, may release any party primarily or secondarily liable for an indebtedness secured hereby, may grant extensions, renewals or indulgences with respect to such indebtedness, and may apply any other security therefor held by it to the satisfaction of such indebtedness without prejudice to any of its rights hereunder.

6. Nothing herein contained and no act done or omitted by the Bank pursuant to the power and rights granted it here shall be deemed to be a waiver by the Bank of its rights and remedies under the Mortgage or the note secured thereby; but, the Assignment is made and accepted without prejudice to any of the rights and remedies possessed by the Bank under the

terms thereof. The right of the Bank to collect said indebtedness and to enforce any other security therefor owned by it may be exercised by the Bank either prior to, simultaneously with, or subsequent of any action taken by it hereunder.

7.   It is further understood that the Bank assumes no liability for any rent security deposits, if such security may have been deposited by a tenant with the Assignor under the terms of any Leases or any modification thereof.

8.   This Assignment is binding upon and inures to the benefit of the Bank and any holder of the Mortgage, and is binding upon the inures to the benefit of the Assignor and any owner of the Premises, and may not be changed orally but only upon an agreement in writing signed by the party against whom enforcement of any waiver, change, modification or discharge is sought.

IN WITNESS WHEREOF, this Assignment has been duly signed, acknowledged and delivered by the Assignor the day and year first written above.

152 BROADWAY HAVERSTRAW NY LLC

_____
By: Joseph Goldberger, Managing Member

STATE OF NEW YORK     )
                      ) SS.:
COUNTY OF ROCKLAND    )

On the 17th day of September, 2009, before me, the undersigned, a Notary Public in and for said State, personally appeared **Joseph Goldberger**, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her capacity, and that by her signature on the instrument, the individual, or the persons upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

MARIANNA R. KENNEDY
Notary Public, State of New York
No. 02KE5056588
Qualified in Orange County
Commission Expires March 4, 2010

**RECORD AND RETURN TO:**
**Marianna R. Kennedy, Esq.**
**Drake, Loeb, Heller, Kennedy**
**Gogerty, Gaba & Rodd PLLC**
**555 Hudson Valley Ave, Suite 100**
**New Windsor, New York 12553**

T/Haverstraw; C/Rockland; S/New York
Section 27.5; Block 2; Lot 1

4

# RIVERSIDE ABSTRACT, LLC
as Agent for
Fidelity National Title Insurance Company Of New York

## LOAN POLICY
## SCHEDULE A DESCRIPTION

Title Number: RANY-4275                                   Policy Number: 2730732787162674

T/O

ALL that certain plot, piece or parcel of land, situate, lying and being in the Village of Haverstraw, County of Rockland and State of New York, being more particularly bounded and described as follows:

BEGINNING at a point on the northerly right of way line of Broadway, said point being located at the southwest corner of lands now or formerly Olori & Neuser (Tax Lot 27.37-1-1) and the southeast corner the hereinafter intended to be described parcel;

RUNNING THENCE along said northerly right of way line of Broadway the following four courses and distances:

North 69 degrees 24 feet, 21 inches west 238.65 feet;
North 39 degrees 15 feet, 02 inches west, 164.13 feet;
On a curve to the left having a radius of 220.02 feet, an arc length of 111.55 feet;
North 68 degrees 17 feet 54 inches west, 102.91 feet;

RUNNING THENCE along the easterly, northerly and westerly line of lands now or formerly of Scaglione (Tax Lots 26.36-1-29, 26.36-1-28, 26.36-1-27 and 26.36-1-26) the following nine courses and distances:

North 22 degrees 15 feet 20 inches east, 60.47 feet,
North 34 degrees 51 feet 20 inches west, 51.20 feet,
North 72 degrees 20 feet 36 inches west, 37.20 feet,
North 79 degrees 00 feet 46 inches west, 43.58 feet,
South 79 degrees 15 feet 55 inches west, 7.50 feet,
North 07 degrees 41 feet 45 inches east, 34.96 feet,
South 70 degrees 20 feet 46 inches west, 49.01 feet,
North 77 degrees 29 feet 21 inches west, 98.06 feet,
South 03 degrees 07 feet 57 inches west, 85.30 feet,

RUNNING THENCE along the easterly right of way line of Samsondale Avenue the following eleven courses and distances:

North 54 degrees 53 feet 21 inches west, 28.99 feet,
North 48 degrees 20 feet 24 inches west, 22.19 feet,
North 48 degrees 22 feet 52 inches east, 4.88 feet,
North 48 degrees 37 feet 06 inches west, 56.75 feet,
North 40 degrees 01 feet 28 inches west, 76.44 feet,
North 23 degrees 12 feet 29 inches west 60.89 feet,
South 64 degrees 21 feet 20 inches west, 4.27 feet,
North 12 degrees 42 feet 14 inches west, 93.33 feet,
North 79 degrees 51 feet 04 inches east, 2.85 feet,
North 13 degrees 32 feet 09 inches west, 15.71 feet,
North 08 degrees 09 feet 17 inches west, 63.70 feet,

Schedule A Description Page 1 of 4

# RIVERSIDE ABSTRACT, LLC
## as Agent for
## Fidelity National Title Insurance Company Of New York

### LOAN POLICY
### SCHEDULE A DESCRIPTION

Title Number: **RANY-4275**                                    Policy Number: **273073278716267**

RUNNING THENCE along the lands or formerly of Orange & Rockland Utilities, Inc. (Tax Lot 26.08-2-39 and 27-05-1, the following seven courses and distances:

On a curve to the left having a radius of 450.00 feet, an arc length of 96.62 feet;
North 77 degrees 50 feet 21 inches east 566.39 feet;
On a curve to the right having a radius of 360.00 feet, an arc length of 180.31 feet;
South 73 degrees 27 feet 49 inches east 57.01 feet;
On a curve to the left having a radius of 300.00 feet, an arc length of 122.94 feet;
North 83 degrees 03 feet 21 inches east, 43.33 feet;
North 82 degrees 54 feet 51 inches east 211.86 feet;

RUNNING THENCE along the westerly and southerly line of Lot 2 the following ten (10) courses and distances:

South 08 degrees 35 feet 10 inches east, 199.63 feet;
On a non-tangent curve to the right having a radius of 188.00 feet, an arc length of 162.23 feet with a chord bearing and distance of south 04 degrees 11 feet 55 inches west, 157.24 feet;
South 61 degrees 05 feet 00 inches east, 20.22 feet;
South 49 degrees 06 feet 00 inches west, 14.29 feet;
South 40 degrees 54 feet 00 inches east, 157.39 feet;
North 48 degrees 49 feet 05 inches east, 42.52 feet;
North 09 degrees 49 feet 05 inches west, 105.55 feet;
North 37 degrees 24 feet 10 inches east, 107.00 feet;
North 81 degrees 22 feet 05 inches east, 113.29 feet;
North 16 degrees 38 feet 10 inches east 143.53 feet;

RUNNING THENCE along the line of other lands now or formerly of Orange & Rockland Utilities, Inc. (Tax Lot 27.05-2-6) the following five (5) courses and distances:

1.   South 45 degrees 00 feet 00 inches east, 161.00 feet;
2.   South 44 degrees 24 feet 40 inches west, 38.06 feet;
3.   South 07 degrees 57 feet 20 inches east, 58.25 feet;
4.   South 40 degrees 00 feet 56 inches east, 274.25 feet;
5.   South 39 degrees 25 feet 35 inches west, 197.29 feet;

RUNNING THENCE along the northerly line of land now or formerly of the Village of Haverstraw (Tax Lot 27.37-1-32, 27.37-1-31, 27.37-1-30, 27.37-1-29, 27.37-1-28, 27.37-1-26) and the northerly line of lands now or formerly of Tor Avenue Realty Corp. (Tax Lot 27.37-1-4) the following two (2) courses and distances:

1.   South 88 degrees 01 feet 30 inches west, 248.91 feet;
2.   North 72 degrees 53 feet 00 inches west, 331.29 feet;

# RIVERSIDE ABSTRACT, LLC
### as Agent for
### Fidelity National Title Insurance Company Of New York

## LOAN POLICY
## SCHEDULE A DESCRIPTION

Title Number: **RANY-4275**                                Policy Number: **273073278716267**

RUNNING THENCE along the westerly line of lands now or formerly of Tor Avenue Realty Corp. (Tax Lot 27.37-1-4) and Olori and Neuser (Tax Lot 27.37-1-1) the following three (3) courses and distances:

1. South 24 degrees 17 feet 07 inches west, 387.42 feet;
2. North 65 degrees 42 feet 53 inches west, 6.00 feet;
3. South 24 degrees 17 fee 07 inches west, 49.04 feet to the point or place of BEGINNING.

CONSISTING OF 924,693 square feet of land.

TOGETHER with an easement for Ingress and egress over lands now or formerly of Orange & Rockland Utilities, Inc. (Tax Lots 26.08-2-39, 27.05-1-2-27.05-2-6) as recited in Liber 946, page 960.

Subject to the following easements:

A. Right of way granted to Orange & Rockland Utilities, Inc. and New York Telephone Company as recited in Liber 1001, page 329.

B. Sanitary Sewer Easement to the Joint Regional Sewerages Board as recited in Liber 982, Page 967.

C. Easement to the Village of Haverstraw dated August 19, 1968.

Also, subject to a proposed utility easement to Admirals Cove Haverstraw, LLC (Tax Lot 27.05-2-1.1) further bounded and described as follows:

BEGINNING at a point on the northerly right of way line of Broadway said point being distant North 69 degrees 24 feet 21 inches west, 163.48 feet as measured in a northwesterly direction along said northerly right of way line of Broadway, from a point on said northerly right of way line of Broadway located at the southwest corner of lands now or formerly of Olori & Neuser (Tax Lot 27.37-1-1);

RUNNING THENCE North 69 degrees 24 feet 21 inches west, 22.76 feet along said northerly right of way line of Broadway;

RUNNING THENCE thru Lot 1 the following five (5) courses and distances:

1. North 49 degrees 06 feet 00 inches east, 226.14 feet;
2. North 40 degrees 54 feet 00 inches west, 15.00 feet;
3. North 49 degrees 06 feet 00 inches east, 450.00 feet;
4. North 40 degrees 54 feet 00 inches west, 5.00 feet;
5. North 49 degrees 06 feet 00 inches east, 93.91 feet;

RUNNING THENCE along the westerly line of Lot 2 the following three (3) courses and directions:

Schedule A Description  Page 3 of 4

# RIVERSIDE ABSTRACT, LLC
## as Agent for
## Fidelity National Title Insurance Company Of New York

### LOAN POLICY
### SCHEDULE A DESCRIPTION

Title Number: **RANY-4275**                                Policy Number: **273073278716267**

1. on a non-tangent curve to the right having a radius of 188.00 feet, an arc length of 46.09 feet, with a chord bearing and distance of South 21 degrees 53 feet 47 inches west, 45.97 feet;
2. South 61 degrees 05 feet 00 inches east, 20.22 feet;
3. South 49 degrees 06 feet 00 inches west, 14.29 feet;

THENCE South 49 degrees 06 feet 00 inches west, 665.99 feet thru Lot 1 to the point or place of BEGINNING.

Note: Address, Block & Lot shown for informational purposes only

Designated as Section 27.5 Block 2 Lot 1 and also known as 152 Broadway.

**FILED**

**OCT 07 2009**

**ROCKLAND COUNTY CLERK'S OFFICE**

'STATE OF NEW YORK   )
                    ) SS.:    **255 AFFIDAVIT OF EXEMPTION**
COUNTY OF ROCKLAND  )         **ASSIGNMENT OF LEASES AND RENTS**

Joseph Goldberger, Managing Member of 152 Broadway Haverstraw NY LLC, deposes and says that he is familiar with the following facts:

1. That a Mortgage Modification and Extension Agreement dated September 17, 2009 in the principal amount of $3,534,000.00 made by 152 Broadway Haverstraw NY LLC, as Mortgagor to Provident Bank as Mortgagee is being recorded in the Rockland County Clerk's Office, and the proper mortgage tax has been paid thereon.

2. That an Assignment of Leases and Rents dated September 17, 2009, by and between 152 Broadway Haverstraw NY LLC, as assignor, and Provident Bank, as assignee (the "Assignment"), is also being delivered to the Rockland County Clerk's Office for recording simultaneously herewith.

3. That said Assignment herewith submitted for recording does not create or secure any new or further indebtedness other than the principal indebtedness or obligation secured by, or which under any contingency may be secured by the Mortgage Modification and Extension Agreement.

6. That this affidavit is made pursuant to Section 255 of the Tax Law of the State of New York for the purpose of claiming exemption from any additional tax on recording of said Assignment.

_____
Joseph Goldberger

Sworn to before me this
17th day of September, 2009.

_____
Notary Public

MARIANNA R. KENNEDY
Notary Public, State of New York
No. 02KE5056588
Qualified in Orange County
Commission Expires March 4, 2010