# EXHIBIT B

FILED: ROCKLAND COUNTY CLERK 02/15/2019 11:12 AM
NYSCEF DOC. NO. 118
17-23242-rdd   Doc 49-4   Filed 02/26/19   Entered 02/26/19 15:54:18   Exhibit B
Pg 2 of 17
INDEX NO. 035353/2017
RECEIVED NYSCEF: 02/19/2019

# FILED

## Feb 15 2019

### ROCKLAND COUNTY CLERK'S OFFICE

At an IAS Part of the Supreme Court of the State of New York, held in and for the County of Rockland, at the Courthouse thereof at 1 S. Main Street, New City, New York, on the located ___ day of _____ 2019

PRESENT:

HONORABLE THOMAS E. WALSH, II
J.S.C.

-----------------------------------------X

STERLING NATIONAL BANK, as successor in interest to Provident Bank,

           Plaintiff,

-against-

152 BROADWAY HAVERSTRAW NY LLC,
152 HAVERSTRAW HOLDCO LLC,
BLUE BEVERAGE GROUP, INC.,
JOSEPH GOLDBERGER,
RYVKIE GOLDBERGER,
ARON SEIDENFELD,
BROADWAY EQUITY HOLDINGS LLC,
U.S. SMALL BUSINESS ADMINISTRATION,
NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE,
MFT HOLDINGS LLC,
LOUIS GUTTMAN as Executor of the Estate of Jeno Guttman,
BRAND NAME LIGHTING LLC,
NATIONAL COUNCIL OF JEWISH CHARITIES INC.
d/b/a OLAM CHESED,
RYVKIE GOLDBERGER as Executor of the Estate of Jeno Guttman,
KEVIN P. McBRIDE,
TOBY WEINBERGER KYLE BYRNE,

           Defendants.

-----------------------------------------X

Index No.: 035353/2017

JUDGMENT OF
FORECLOSURE AND SALE

Mtn # 4 - MG
DC - Y
Adj 6/20/19

6730299.1

FILED: ROCKLAND COUNTY CLERK 02/19/2019 11:12 AM
NYSCEF DOC. NO. 118

17-22242-rdd   Doc 49-4   Filed 02/26/19   Entered 02/26/19 15:54:18   Exhibit B
Pg 3 of 17

INDEX NO. 035353/2017
RECEIVED NYSCEF: 02/19/2019

Upon the Summons, Complaint and Notice of Pendency duly filed in this action in the Office of the County Clerk of the County of Rockland on November 2, 2017, and all proceedings thereon, and on reading and filing the affirmation in support of Judgment of Foreclosure and Sale of Susan L. McWalters, Esq. affirmed November 30, 2018, and on reading the affirmation of regularity of Susan L. McWalters, Esq. dated May 18, 2018, and showing that each and all of the defendants herein have been duly served within this State with the summons in this action, and on the affidavits of service heretofore filed in the Office of the Clerk of the County of Rockland from all of which it appears that more than twenty days have elapsed since each defendant was served; that none of the defendants answered or appeared in this action; except defendants 152 Broadway Haverstraw NY LLC, 152 Haverstraw Holdco LLC, Blue Beverage Group, Inc., Joseph Goldberger and Ryvkie Goldberger and Aron Seidenfeld; none of the defendants are infants, incompetents or absentees and, since the filing of the notice of pendency of this action, the complaint herein has not been amended so as to make new parties defendant to this action or so as to embrace real property other than that described in the original complaint or so as to extend the plaintiff's claim against the mortgaged premises; and that the complaint herein and due notice of the pendency of this action containing all the particulars required to be stated therein were duly filed in the Office of the Clerk of the County of Rockland, and an Order of Reference having been duly made to compute the amount due to the plaintiff upon the note and mortgage set forth in the complaint and to examine and report whether the mortgaged

6730299.1

FILED: ROCKLAND COUNTY CLERK 02/19/2019 11:12 AM
NYSCEF DOC. NO. 118

17-22242-rdd    Doc 49-4    Filed 02/26/19    Entered 02/26/19 15:54:18    Exhibit B
Pg 4 of 17

INDEX NO. 035353/2017
RECEIVED NYSCEF: 02/19/2019

premises can be sold in parcels, from all of which it appears that this is an action brought to foreclose a mortgage on real property situate in the County of Rockland together with interest thereon and the expenditures made by plaintiff, which are now due and payable, as more fully reported by the Referee heretofore appointed herein, and on reading and filing the report of said Referee, by which report, bearing date November 13, 2018, it appears that the sum of $3,222,547.18 was due on August 27, 2018, exclusive of counsel fees; and that the mortgaged premises should be sold in one (1) parcel.

On ~~motion~~ *opposed* motion of CERTILMAN BALIN ADLER & HYMAN, LLP, attorneys for the plaintiff it is *and upon opposition papers filed by Defendants* [handwritten margin: TEWJ ESQ]

ORDERED, that the motion of Plaintiff is hereby granted; and it is further

ORDERED, ADJUDGED AND DECREED that the said report of the said Referee be, and the same is hereby in all respects ratified and confirmed; and it is

ORDERED, ADJUDGED AND DECREED that the mortgaged premises described in the complaint in this action and as hereinafter described, or such part thereof as may be sufficient to discharge the mortgage debt, the expense of the sale and the costs of this action as provided by the Real Property Actions and Proceedings Law be sold in one (1) parcels at public auction at *the Rockland County Supreme Court 2 S Main St New City NY 10956* by and under the direction of Christopher S. Martone, Esq., who is hereby appointed Referee for that purpose, that the said Referee give public notice of the time and place of

6730299.1

FILED: ROCKLAND COUNTY CLERK 02/25/2019 11:12 AM
NYSCEF DOC. NO. 118

17-22242-rdd   Doc 49-4   Filed 02/26/19   Entered 02/26/19 15:54:18   Exhibit B
Pg 5 of 17

INDEX NO. 035353/2017
RECEIVED NYSCEF: 02/19/2019

such sale according to law and the practice of this Court in _The Journal News (Rockland Edition)_ [TRW SSC]

and that the plaintiff or any other parties to this action may become the purchaser or purchasers at such sale; that in case the plaintiff shall become the purchaser at the said sale it shall not be required to make any deposit thereon; that said referee execute to the purchaser or purchasers on such sale a deed of the premises sold; that such referee on receiving the proceeds of such sale forthwith pay therefrom, in accordance with their priority according to law, the taxes, assessments or water rates which are or may become liens on the premises at the time of sale with such interest or penalties which may have lawfully accrued thereon, to the date of payment deposit, that said referee then deposit the balance of said proceeds of sale in his own name as Referee in _a bank of his/her choosing licensed in New York and FDIC insured_ [TRW SSC] and shall thereafter make the following payments and his checks drawn for that purpose shall be paid by the said depositary.

FIRST:   The statutory fees of said Referee, ~~not to exceed $500.00~~ cf. $750.00.

SECOND:   The expense of the sale and the advertising expenses as shown on the bills presented, and certified by said Referee to be correct, duplicate copies of which shall be left with said depositary.

6730299.1

FILED: ROCKLAND COUNTY CLERK 02/15/2019 11:12 AM
NYSCEF DOC. NO. 118
17-22242-rdd Doc 49-4 Filed 02/26/19 Entered 02/26/19 15:54:18 Exhibit B
Pg 6 of 17
INDEX NO. 035353/2017
RECEIVED NYSCEF: 02/19/2019

THIRD: Said Referee shall also pay to the plaintiff or plaintiff's attorney the sum of $ _____ adjudged to the plaintiff for costs and disbursements in this action, with interest thereon from the date hereof, plus reasonable legal fees in the sum of $ _____ hereby awarded to the Plaintiff with legal interest from the date of entry of judgment, together with an additional allowance of $300.00 hereby awarded to the plaintiff in addition to costs, with interest thereon from the date hereof; and also $3,222,547.18, the said amount so reported due as aforesaid, together with the interest thereon from August 27, 2018, as provided in said report or so much thereof as the purchase money of the mortgaged premises will pay of the same, together with any advances which plaintiff has made for taxes, fire insurance, principal and interest and any other charges due to prior mortgagees, or to maintain the premises pending the consummation of this foreclosure sale, all together with interest thereon pursuant to the mortgage.

FOURTH: If such Referee intends to apply for a further allowance for his fees, application shall be made to the Court therefor upon due notice to those parties entitled thereto.

That in case the plaintiff be the purchaser of said mortgaged premises at said sale, or in the event that the rights of the purchaser at said sale and the terms of sale under this judgment shall be assigned to and be acquired by the plaintiff, and a valid assignment thereof filed with said referee, said referee shall not require the plaintiff to pay in cash the entire amount bid at said sale, but shall execute and deliver to the

6730259.1

FILED: ROCKLAND COUNTY CLERK 02/15/2019 11:12 AM
NYSCEF DOC. NO. 118

17-22242-rdd    Doc 49-4    Filed 02/26/19    Entered 02/26/19 15:54:18    Exhibit B
Pg 7 of 17

INDEX NO. 035353/2017
RECEIVED NYSCEF: 02/19/2019

plaintiff a deed or deeds of the premises sold upon the payment to said referee of the amounts specified above in items marked "First" and "Second" and the amounts of the aforesaid taxes, assessments and water rates, and interest or penalties thereon, or in lieu of the payment of said last mentioned amounts, upon filing with said referee receipts of the proper municipal authorities showing the payment thereof; that the balance of the amount bid, after deducting therefrom the aforesaid amounts paid by the plaintiff for referee's fees, advertising expenses, and taxes, assessments and water rates shall be allowed to the plaintiff and applied by said referee upon the amounts due to the plaintiff as specified above in item marked "Third"; that if after so applying the balance of the amount bid, there shall be a surplus over and above the said amounts due to the plaintiff, the plaintiff shall pay to said referee, upon delivery to plaintiff of said referee's deed, the amount of such surplus; that said referee on receiving said several amounts from plaintiff shall forthwith pay therefrom said taxes, assessments, water rates, and interest or penalties thereon, unless the same have already been paid, and shall then deposit the balance.

That said referee take the receipt of the plaintiff or plaintiff's attorney for the amounts paid as hereinbefore directed in item marked "Third," and file it with his report of sale; that he deposit the surplus monies, if any, with the Rockland County Clerk within five days after the same shall be received and be ascertainable, to the credit of this action, to be withdrawn only on the order of the Court, signed by a Justice of the Court; that the said referee make his report of such sale under oath showing the

6730296 1

FILED: ROCKLAND COUNTY CLERK 02/15/2019 11:12 AM
NYSCEF DOC. NO. 118

17-22242-rdd   Doc 49-4   Filed 02/26/19   Entered 02/26/19 15:54:18   Exhibit B
Pg 8 of 17

INDEX NO. 035353/2017
RECEIVED NYSCEF: 02/19/2019

disposition of the proceeds of the sale and accompanied by the vouchers of the person to whom payments were made and file it with the Clerk of the County of Rockland within thirty days after completing the sale and executing the proper conveyance to the purchaser; and that if the proceeds of such sale be insufficient to pay the amount reported due to the plaintiff with interest and costs as aforesaid, the plaintiff ~~shall~~ may recover from the defendants 152 Broadway Haverstraw NY LLC, Blue Beverage Group, Inc., Joseph Goldberger and Ryvkie Goldberger and Aron Seidenfeld, the whole deficiency or so much thereof as the Court may determine to be just and equitable of the residue of the lien debt remaining unsatisfied after a sale of the premises and the application of the proceeds thereof, provided a motion for a deficiency judgment shall be made as prescribed by Section 1371 of the Real Property Actions and Proceedings Law within the time limited therein, and the amount thereof is determined and awarded by an order of this Court as provided for in said section; and it is further

ORDERED that the purchaser or purchasers at said sale be let into possession on production or delivery of referee's deed or deeds; and it is further ordered

ORDERED, ADJUDGED AND DECREED, that each and all of the defendants in this action and all persons claiming under them, or any or either of them, after the filing of such notice of pendency of this action, be and they are hereby forever barred and foreclosed of all right, claim, lien, title, interest and equity of redemption in the said mortgaged premises and each of every part thereof, and it is further ordered

ORDERED, ADJUDGED AND DECREED, that the Mortgage Modification and Extension Agreement by and between Provident Bank and 152 Broadway Haverstraw NY LLC dated September 17, 2009, and recorded in the County of Rockland as Instrument Number: 2009-00036488; the Mortgage given by 152 Broadway Haverstraw NY LLC to Jay Kimmel, as nominee for Taron Partners LLC dated August 18, 2008, and recorded in the County of Rockland as Instrument Number: 2008-00042231; the Assignment of Leases and Rents between Provident Bank and 152 Broadway Haverstraw NY LLC dated September 17, 2009, and recorded in the County of Rockland as Instrument Number: 2009-00036490; and the Assignment of Mortgage from Jay Kimmel, as nominee for Taron Partners LLC to Provident Bank dated September 17, 2009, and recorded in the County of Rockland as Instrument Number: 2009-00036469, be and the same are hereby reformed to include a metes and bounds description as set forth in Schedule "A" annexed hereto; and it is further

ORDERED, ADJUDGED AND DECREED, that said premises to be sold in one parcel in "as is" physical order and condition, subject to any state of facts that an inspection of the premises would disclose; any state of facts that an accurate survey of the premises would show; any covenants, restrictions, easements and public utility agreements of record, if any; any building and zoning ordinances of the municipality in which the mortgaged premises are located and possible violations of same; any rights of tenants or persons in possession of the subject premises; prior mortgage lien(s) of record; prior lien(s) of record, if any; any equity of redemption of the UNITED STATES

FILED: ROCKLAND COUNTY CLERK 02/15/2019 11:12 AM
NYSCEF DOC. NO. 118

17-22242-rdd    Doc 49-4    Filed 02/26/19    Entered 02/26/19 15:54:18    Exhibit B
Pg 10 of 17

INDEX NO. 035353/2017
RECEIVED NYSCEF: 02/19/2019

OF AMERICA to redeem the premises within 120 days from date of sale. A description of the said mortgaged premises hereinbefore mentioned is annexed hereto and made a part hereof. (See SCHEDULE A).

ENTER:



_____
J.S.C.

6730099.1

FILED: ROCKLAND COUNTY CLERK 02/15/2019 11:22 AM
NYSCEF DOC. NO. 118
INDEX NO. 035353/2017
RECEIVED NYSCEF: 02/19/2019

17-23242-rdd    Doc 49-4    Filed 02/26/19    Entered 02/26/19 15:54:18    Exhibit B
Pg 11 of 17

and it is further

**ORDERED** that Plaintiff's counsel shall furnish the Foreclosure Action Surplus Monies Form and a copy of this Order to the appointed Referee prior to the foreclosure sale date. A fillable version of this Form can be found on the court's website; and it is further

**ORDERED** that within thirty (30) days of the foreclosure sale, the Referee shall complete the Foreclosure Action Surplus Monies Form, upload the completed Form to the NYSCEF system as a "FORECLOSURE ACTION SURPLUS MONIES FORM"; and it is further

**ORDERED** that within thirty (30) days of the foreclosure sale, the Referee shall upload the Referee's Report of Sale to the NYSCEF system; and it is further

**ORDERED** that this matter is scheduled for a conference before the undersigned on **THURSDAY JUNE 20, 2019 at 9:30 a.m.**. The purpose of this conference is to determine whether the foreclosure sale has occurred as ordered, the outcome of such sale and to make such further orders as the Court deems necessary. Appearances by the parties and appointed Referee are required unless: (1) a completed Foreclosure Action Surplus Monies Form and the Referee's Report of Sale have been uploaded through the NYSCEF system at least twenty-four (24) hours prior to the scheduled conference date and time; or (2) the Referee notifies the Court in writing through the NYSCEF system (with a working copy to Chambers - fax 845-708-7236) one week prior to this date that the sale is not going to occur prior to this date and requests a new date based upon when he/she believes the sale will occur; and it is further

**ORDERED** that the Plaintiff is to serve a copy of the Decision and Order in the instant action on all named parties within thirty (30) days of the date hereof.

Dated: New City, New York
February 15, 2019

HON THOMAS E. WALSH II
Justice of the Supreme Court

PAUL PIPERATO
ROCKLAND COUNTY CLERK

To:

CERTILMAN BALIN ADLER & HYMAN, LLP
Attorney for Plaintiff
(via e-filing)

MONTALBANO, CONDON & FRANK, P.C.
Attorney for Defendants
(Via e-file)

FILED: ROCKLAND COUNTY CLERK 02/15/2019 11:12 AM
NYSCEF DOC. NO. 118

17-22242-rdd    Doc 49-4    Filed 02/26/19    Entered 02/26/19 15:54:18    Exhibit B
Pg 12 of 17

INDEX NO. 035353/2017
RECEIVED NYSCEF: 02/19/2019

ADVANTAGE FORECLOSURE SERVICES, INC.

Title No. FCL-131912-17 (File No. 10091.0027)

SCHEDULE A
DESCRIPTION

**Section 27.5 Block 2 and Lot 1**

ALL that certain plot, piece or parcel of land situate, lying and being in the Village and Town of Haverstraw, County of Rockland and State of New York, being more particularly bounded and described as follows:

BEGINNING at a point on the Northerly right of way line of Broadway, said point being located at the Southwest corner of lands now or formerly Olori & Neuser (Tax Lot 27.37-1-1) and the Southeast corner of the hereinafter intended to be described parcel;

RUNNING THENCE along said Northerly right of way line of Broadway, the following 4 courses and distances:

1. North 69 degrees 24 minutes 21 seconds West, 238.65 feet;

2. North 39 degrees 15 minutes 02 seconds West, 164.13 feet;

3. On a curve to the left having a radius of 220.02 feet, an arc length of 111.55 feet;

4. North 68 degrees 17 minutes 54 seconds West, 102.91 feet;

THENCE along the Easterly, Northerly and Westerly line of lands now or formerly of Scaglione (Tax Lots 26.36-1-29, 26.36-1-28, 26.36-1-27 and 26.36-1-26) the following 9 courses and distances:

1. North 22 degrees 15 minutes 20 seconds East, 60.47 feet;

2. North 34 degrees 5 minutes 20 seconds West, 51.20 feet;

3. North 72 degrees 20 minutes 36 seconds West, 37.20 feet;

4. North 79 degrees 00 minutes 46 seconds West, 43.58 feet;

5. South 79 degrees 15 minutes 55 seconds West, 7.50 feet;

6. North 07 degrees 41 minutes 45 seconds East, 34.96 feet;

7. South 70 degrees 20 minutes 46 seconds West, 49.01 feet;

8. North 77 degrees 29 minutes 21 seconds West, 98.06 feet;

9. South 03 degrees 07 minutes 57 seconds West, 85.30 feet;

FILED: ROCKLAND COUNTY CLERK 02/19/2019 11:12 AM
NYSCEF DOC. NO. 118
17-22242-rdd  Doc 49-4  Filed 02/26/19  Entered 02/26/19 15:54:18  Exhibit B
Pg 13 of 17
INDEX NO. 035353/2017
RECEIVED NYSCEF: 02/19/2019

ADVANTAGE FORECLOSURE SERVICES, INC.

No. FCL-131912-17 (File No. 10091.0027)

## SCHEDULE A
## DESCRIPTION

THENCE along the Easterly right of way line of Samsondale Avenue, the following 11 courses and distances:

1. North 54 degrees 53 minutes 21 seconds West, 28.99 feet;

2. North 48 degrees 20 minutes 24 seconds West, 22.19 feet;

3. North 48 degrees 22 minutes 52 seconds East, 4.88 feet;

4. North 48 degrees 37 minutes 06 seconds West, 56.75 feet;

5. North 40 degrees 01 minute 28 seconds West, 76.44 feet;

6. North 23 degrees 10 minutes 29 seconds West, 60.89 feet;

7. South 64 degrees 21 minutes 20 seconds West, 4.27 feet;

8. North 12 degrees 42 minutes 14 seconds West, 93.33 feet;

9. North 79 degrees 51 minutes 04 seconds East, 2.85 feet;

10. North 13 degrees 32 minutes 09 seconds West, 15.71 feet;

11. North 08 degrees 09 minutes 17 seconds West, 63.70 feet;

THENCE along the lands now or formerly of Orange & Rockland Utilities, Inc. (Tax Lot 26.08-2-39 and 27.08-1-2) the following 7 courses and distances:

1. On a curve to the left having a radius of 450.00 feet, an arc length of 96.62 feet;

2. North 77 degrees 50 minutes 21 seconds East, 566.39 feet;

3. On a curve to the right having a radius of 360.00 feet, an arc length of 180.31 feet;

4. South 73 degrees 27 minutes 49 seconds East, 57.01 feet;

5. On a curve to the left having a radius of 300.00 feet, an arc length of 122.94 feet;

6. North 83 degrees 03 minutes 21 seconds East, 43.33 feet;

7. North 82 degrees 54 minutes 51 seconds East, 211.86 feet;

ADVANTAGE FORECLOSURE SERVICES, INC.

Title No. FCL-131912-17 (File No. 10091.0027)

SCHEDULE A
DESCRIPTION

THENCE along the Westerly and Southerly line of Lot 2, the following 10 courses and distances:

1. South 08 degrees 35 minutes 10 seconds East, 199.63 feet;

2. On a non-tangent curve to the right having a radius of 188.00 feet, an arc length of 162.23 feet with a chord bearing and distance of South 04 degrees 11 minutes 55 seconds West, 157.24 feet;

3. South 61 degrees 05 minutes 00 seconds East, 20.22 feet;

4. South 49 degrees 00 minutes 00 seconds West, 14.29 feet;

5. South 40 degrees 54 minutes 00 seconds East, 157.39 feet;

6. North 48 degrees 49 minutes 05 seconds East, 42.52 feet;

7. North 09 degrees 49 minutes 05 seconds West, 105.55 feet;

8. North 37 degrees 24 minutes 10 seconds East, 107.00 feet;

9. North 81 degrees 22 minutes 05 seconds East, 113.29 feet;

10. North 16 degrees 38 minutes 10 seconds East, 143.53 feet;

THENCE along the line of other lands now or formerly of Orange & Rockland Utilities, Inc. (Tax Lot 27.05-2-6) the following 5 courses and distances:

1. South 45 degrees 00 minutes 00 seconds East, 161.00 feet;

2. South 44 degrees 24 minutes 40 seconds West, 38.06 feet;

3. South 07 degrees 57 minutes 20 seconds East, 58.25 feet;

4. South 40 degrees 00 minutes 56 seconds East, 274.25 feet;

5. South 39 degrees 25 minutes 35 seconds West, 197.29 feet;

THENCE along the Northerly line of land now or formerly of the Village of Haverstraw (Tax Lot 27.37-1-32, 27.37-1-31, 27.37-1-30, 27.37-1-29, 27.37-1-28, 27.37-1-27 and 27.37-1-26) and the Northerly line of lands now or formerly of Tor Avenue Realty Corp. (Tax Lot 27.37-1-4) the following 2 courses and distances:

FILED: ROCKLAND COUNTY CLERK 02/15/2019 11:12 AM
NYSCEF DOC. NO. 118

17-22242-rdd   Doc 49-4   Filed 02/26/19   Entered 02/26/19 15:54:18   Exhibit B
                                        Pg 15 of 17

INDEX NO. 035353/2017
RECEIVED NYSCEF: 02/19/2019

ADVANTAGE FORECLOSURE SERVICES, INC.

Title No. FCL-131912-17 (File No. 10091.0027)

SCHEDULE A
DESCRIPTION

1. South 88 degrees 01 minute 30 seconds West, 248.91 feet;

2. North 72 degrees 53 minutes 00 inches West, 331.29 feet;

THENCE along the Westerly line of lands now or formerly of Tor Avenue Realty Corp. (Tax Lot 27.37-1-4) and Olori & Neuser (Tax Lot 27.37-1-1) the following 3 courses and distances:

1. South 24 degrees 17 minutes 07 seconds West, 387.42 feet;

2. North 65 degrees 42 minutes 53 seconds West, 6.00 feet;

3. South 24 degrees 17 minutes 07 seconds West, 49.04 feet to the point or place of BEGINNING.

TOGETHER with an Easement for ingress and egress over the lands now or formerly of Orange & Rockland Utilities, Inc. (Tax Lots 26.08-2-39, 27.05-1-2 and 27.05-2-6) as recited in Liber 946, Page 960.

SUBJECT to the following Easements:

A. Right of Way granted to Orange & Rockland Utilities, Inc. and New York Telephone Company as recited in Liber 1001, Page 329.
B. Sanitary Sewer Easement to the Joint Regional Sewerage Board as recited in Liber 982, Page 967.
C. Easement to the Village of Haverstraw dated August 19, 1968.

ALSO, subject to a proposed utility easement to Admirals Cove Haverstraw, LLC (Tax Lot 27.05-2-1.1).

BEGINNING at a point on the Northerly right of way line of Broadway said point being distant North 69 degrees 24 minutes 21 seconds West, 163.48 feet as measured in a Northwesterly direction along said Northerly right of way line of Broadway, from a point on said Northerly right of way line of Broadway located at the Southwest corner of lands now or formerly of Olori & Neuser (Tax Lot 27.37-1-1);

RUNNING THENCE North 69 degrees 24 minutes 21 seconds West, 22.76 feet along said Northerly right of way line of Broadway;

RUNNING THENCE thru Lot 1 the following five (5) courses and distances:

1. North 49 degrees 06 minutes 00 seconds East, 226.14 feet;

FILED: ROCKLAND COUNTY CLERK 02/19/2019 11:12 AM
NYSCEF DOC. NO. 118

17-22242-rdd   Doc 49-4   Filed 02/26/19   Entered 02/26/19 15:54:18   Exhibit B
Pg 16 of 17

INDEX NO. 035353/2017
RECEIVED NYSCEF: 02/19/2019

ADVANTAGE FORECLOSURE SERVICES, INC.

Title No. FCL-131912-17 (File No. 10091.0027)

SCHEDULE A
DESCRIPTION

2. North 40 degrees 54 minutes 00 seconds West, 15.00 feet;

3. North 49 degrees 06 minutes 00 seconds East, 405.00 feet;

4. North 40 degrees 54 minutes 00 seconds West, 5.00 feet;

5. North 49 degrees 06 minutes 00 seconds East, 93.91 feet;

RUNNING THENCE along the Westerly line of Lot 2 the following three (3) courses and distances:

1. On a non-tangent curve to the right having a radius of 188.00 feet, an arc length of 46.09 feet, with a chord bearing and distance of South 21 degrees 53 minutes 47 seconds West, 45.97 feet;

2. South 61 degrees 05 minutes 00 seconds East, 20.22 feet;

3. South 49 degrees 06 minutes 00 seconds West, 14.29 feet;

THENCE South 49 degrees 06 minutes 00 seconds West, 665.99 feet thru Lot 1 to the point or place of BEGINNING.

Premises known as 152 Broadway, Haverstraw, New York

FILED: ROCKLAND COUNTY CLERK 02/15/2019 11:12 AM
NYSCEF DOC. NO. 118
INDEX NO. 035353/2017
RECEIVED NYSCEF: 02/19/2019

17-22242-rdd  Doc 49-4  Filed 02/26/19  Entered 02/26/19 15:54:18  Exhibit B
Pg 17 of 17

NYSCEF DOC. NO. 107
RECEIVED NYSCEF: 11/30/2018

T 156 - Bill of Costs (with CPLR sections) Blank Court, 1-95
COPYRIGHT 1981 BY JULIUS BLUMBERG, INC.
PUBLISHER, NYC 10013

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND

Index No. 035353/2017

STERLING NATIONAL BANK, as successor in interest to PROVIDENT BANK,

Plaintiff,

-against-

**Costs of Plaintiffs**

152 BROADWAY HAVERSTRAW NY LLC, et al.,

Defendants.

| COSTS | | | | DISBURSEMENTS | | |
|---|---|---|---|---|---|---|
| Costs before note of issue CPLR §8201 subd. 1 | 200 | 00 | Fee for index number CPLR §8018(a) | $400 | 00 |
| Costs after note of issue CPLR §8201 subd. 2 | | | Referee's fees CPLR §8301(a)(1), 8003(a) | 250 | 00 |
| | | | Commissioner's compensation CPLR §8301(a)(2) | | |
| | | | Clerk's fee, filing notice of pend. or attach. CPLR §8021(a)(10) | | |
| Trial of issue CPLR §8201 subd. 3 | | | Entering and docketing judgment CPLR §8301(a)(7), 8016(a)(2) | 35 | 00 |
| | | | Paid for searches CPLR §8301(a)(10) | 814 | 08 |
| Allowance by statute CPLR §8302(a), (b) | | | Affidavits & acknowledgments CPLR §8101 | 3 | 00 |
| | | | Serving copy summons & complaint CPLR §8011(b)(1), 8013(d) | 2,833 | 65 |
| Additional allowance CPLR §8302(d) | 50 | 00 | Request for judicial intervention | 95 | 00 |
| | | | Note of issue CPLR §8020(a) | | |
| Motion costs CPLR §8202 | | | Paid referee's report CPLR §8301(a)(12) | | |
| | | | Certified copies of papers CPLR §8301(a)(4) | | |
| | | | Satisfaction piece CPLR §8020(d), 8021 | | |
| Appeal to Appellate Term CPLR §8203(b) | | | Transcripts and filing CPLR §8021 | | |
| | | | Certified copy of judgment CPLR §8021 | | |
| | | | Postage CPLR §8301(a)(12) | 50 | 00 |
| Appeal to Appellate Division CPLR §8203(a) | | | Jury fee CPLR §8020(c) | | |
| | | | Stenographers' fees CPLR §8002, 8301 | | |
| Appeal to Court of Appeals CPLR §8204 | | | Sheriff's fees on execution CPLR §8011, 8012 | | |
| | | | Sheriff's fees, attachment, arrest, etc. CPLR §8011 | | |
| Costs upon frivolous claims and counterclaims CPLR §8303-a | | | Paid printing cases CPLR §8301(a)(6) | | |
| | | | Clerk's fees Court of Appeals CPLR §8303(a)(12) | | |
| | | | Paid copies of papers CPLR §8016(a)(4) | | |
| | | | Motion expenses CPLR §8301(b) | 90 | 00 |
| Allowance by statute CPLR §3218(b) | 150 | 00 | Fees for publication CPLR §8301(a)(3) | | |
| | | | Serving subpoena CPLR §8011(b)1, 8301(d) | | |
| | | | Paid for Search CPLR §8301(a)(10) | | |
| | | | Referee's report | | |
| | | | Attendance of witnesses CPLR §8001(a)(b)(c), 8301(a)(1) | | |
| | | | Fee for filing of judgment | | |
| COSTS | $400 | 00 | | | |
| DISBURSEMENTS | $4,570 | 33 | | | |
| TOTAL | $4,970 | 33 | | $4,570 | 33 |